787 F.2d 588
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CLARENCE D. CASEY, Plaintiff-Appellant,
v.
FISHER BODY DIVISION, GENERAL MOTORS CORPORATION, Defendant-Appellee.
 85-3107
 United States Court of Appeals, Sixth Circuit.
 3/12/86
 
 AFFIRMED
 N.D.Ohio
 On Appeal from the United States District Court for the Northern District of Ohio
 BEFORE: KRUPANSKY and GUY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant filed this action against defendant-appellee alleging employment discrimination in violation of the Civil Rights Act of 1964, Title VII, and 42 U.S.C. Sec. 1981. Following a four day trial, to the court sitting without a jury, the district judge filed a memorandum opinion and granted judgment for the defendant-appellee.
 
 
 2
 In 1965 plaintiff-appellant, a black male, had been hired by the Fisher Body Division of General Motors ('GM') as a hourly employee. In 1970 he was promoted to production supervisor at its Lordstown plant. Between 1970 and 1977, he received favorable performance appraisals and several recommendations for merit pay increases. Starting in 1978, however, his evaluations became less favorable, although they remained in the acceptable range.
 
 
 3
 In the 1978-80 period Casey let it be known that he was interested in promotion to any of three vacancies which occurred in the position of general supervisor. Whether his technical background qualified him for the first of these vacancies was questioned, but it is conceded that he met the requirements for the other two.
 
 
 4
 Under the standards set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) it is incumbent upon such a plaintiff to establish a prima facie case. Casey, as a black male, is a member of a protected class; he was qualified for the job the employer was seeking to fill; he applied for the position and was rejected; GM continued to seek applicants for the job; three white males were promoted. On the basis of the circumstances, the district court properly concluded that Casey had established a prima facie case. Texas Dept. of Com. Affairs v. Burdine, 450 U.S. 248 (1981).
 
 
 5
 The burden then shifted to GM to articulate a legitimate, non-discriminatory reason for the employee's rejection. Burdine, supra. GM asserted that Casey had not been promoted because his job performance was inconsistent, his attitude was negative, and other production supervisors were better suited for the job. The record establishes the fact that Casey failed to comply with the 'unwritten rule' that production supervisors, in order to make sure that everything was in order, would arrive one half hour before the shift began. Numerous GM supervisory employees testified that Casey had an attitude problem, saying that he had a 'chip on a shoulder.' During this same period of time, Casey borrowed a substantial amount of money in connection with the commencement of a family business which did not succeed. As a result, in 1981 Casey filed a voluntary petition in bankruptcy.
 
 
 6
 In its memorandum opinion, the district court noted that there were thirty production supervisors and that about half of them had the same credentials as Casey. The court concluded that race was not a determining factor in the failure to promote Casey to the position of general supervisor.
 
 
 7
 * Appellant contends that the finding of non-discrimination was clearly erroneous. Non-discriminatory reasons articulated by GM at trial included evidence establishing that Casey's job performance was inconsistent and that he had a negative attitude. GM offered clear and specific reasons for promoting another man to the first vacancy referred to above and that the man selected had clearly superior technical experience. The district court further agreed with GM's contention that in all three instances GM promoted the 'highest qualified individual.' Casey's 1979 and 1980 performance appraisals noted numerous specific deficiencies in his performance, including a 'below standard' rating in housekeeping in 1975 and 'below standard' in 1980 in controlling absenteeism, maintaining housekeeping, utilizing manpower, quality improvement, and working with others. His performance appraisals in 1980 and 1981 deemed him 'not promotable.' We conclude that the district court's non-discrimination finding was not clearly erroneous.
 
 II
 
 8
 It is Casey's contention that the district court erroneously required him to prove by direct, rather than circumstantial evidence, that GM's selection processes for general supervisors served to disguise racial discriminatory promotion practices. This contention is based on what he characterizes as the district court's failure to closely scrutinize and examine the promotion procedures, which was tantamount to requiring proof by direct evidence. However, the district court's memorandum opinion clearly rebuts this argument, indicating as it does that the court closely scrutinized the evaluation system.
 
 III
 
 9
 Plaintiff-appellant further contends that the district court erred in failing to give weight to his statistical evidence. It is true that Casey submitted statistical evidence indicating that black promotions had not kept pace with that of white employees, but there is no indication that the district court did not consider this evidence. Whether it did or not, the fact is that the figures offered were far too small to provide a base for valid conclusions, since the total number of vacancies occurring at the level under consideration was virtually negligible. Thus we find no error in this regard.
 
 
 10
 For the reasons indicated herein, and for the reasons set forth in the memorandum opinion filed by District Judge David D. Dowd, Jr., the judgment is AFFIRMED.